1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEUTSCHE BANK TRUST
     COMPANY AMERICAS AS
11   TRUSTEE, RALI, 2006-QS3,
     3/30/2006, 40312,
12
               Plaintiff,              No. 2:12-cv-01290 KJM KJN PS
13
          v.
14
     ROBERT DIXON and Does 1-50,
15   inclusive,

16            Defendant.               ORDER and FINDINGS AND
                                       RECOMMENDATIONS
17   _____/

18             Presently before the court is plaintiff's motion to remand this unlawful detainer

19   action to the Superior Court of California for the County of Sacramento ("Superior Court") (Dkt.

20   No. 5).[1]  Defendant failed to file an opposition to the motion.  Because oral argument would not

21   materially aid the resolution of the pending motion, this matter is submitted on the briefs and

22   record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  Having

23   reviewed the filings in this case, the undersigned recommends that plaintiff's motion to remand

24   be granted and that this case be remanded to the Superior Court on the grounds that this court

25   _____

26        [1] This action proceeds before this court pursuant to Eastern District of California Local Rule
     302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

1  lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim.

2  I.      BACKGROUND

3          On March 22, 2012, plaintiff initiated a "limited civil" case[2] in the Superior Court

4  by filing a verified unlawful detainer complaint, which noted that the amount demanded "Does

5  Not Exceed $10,000" ("Complaint").  (Compl. at 1, attached as Ex. A to Notice of Removal.)

6  Plaintiff seeks to recover possession of the subject residential property located in Citrus Heights,

7  California.  (Compl. ¶¶ 1-2.)  The Complaint alleges that on January 30, 2012, plaintiff acquired

8  the property at a duly conducted foreclosure sale, obtained a Trustee's Deed Upon Sale, and

9  perfected title in itself.  (Id. ¶ 5 & Ex. B.)

10          Defendant appears to be the former owner of the property.  (See Compl., Ex. A.)

11  Plaintiff alleges that on March 14, 2012, it served defendant with a Notice To Vacate Premises

12  and deliver possession of the property within three days.  (See Compl. ¶ 6 & Ex. C.)  Plaintiff

13  alleges that defendant failed to timely vacate and deliver possession of the property and continues

14  to possess and occupy the property.  (Id. ¶¶ 3, 7.)  Through this action, plaintiff seeks:

15  (1) restitution and possession of the subject property, (2) damages for wrongful possession of the

16  property at a rate of $35.24 per day from the expiration of the notice to vacate until defendant or

17  defendants vacate the property; and (3) costs of suit.  (Compl. at 3.)  In its motion to remand,

18  plaintiff represents that it served plaintiff with the summons on or about April 16, 2012.  (Mot. to

19  Remand at 4.)

20          On May 14, 2012, defendant removed this unlawful detainer action to federal

21  court pursuant to 28 U.S.C. § 1441, asserting that this court has subject matter jurisdiction over

22  ////

23  ////

24

25          [2]  A limited civil action in the California Superior Courts is one where the "whole amount
26  of damages claimed is twenty-five thousand dollars ($25,000) or less."  See Cal. Civ. Proc. Code
   § 86(a)(4).

1   plaintiff's claim on the basis of federal question jurisdiction, see 28 U.S.C. § 1331.[3] (Notice of

2   Removal at 2-3.)  Defendant asserts that federal question jurisdiction exists because of plaintiff's

3   defenses or counterclaims premised on, among other federal statutes, the Fair Debt Collection

4   Practices Act, the Real Estate Settlement Procedures Act, and the Truth In Lending Act.  (Id.

5   at 2-3.)

6                On May 18, 2012, plaintiff filed an ex parte application to remand this case to the

7   Superior Court, and subsequently filed a noticed motion to remand on May 25, 2012.  Plaintiff's

8   motion remand argues that this court lacks subject matter jurisdiction over plaintiff's single

9   unlawful detainer claim, and that defendant's removal was untimely.[4]   Defendant did not file a

10  timely written opposition or statement of non-opposition in regards to the motion to remand,

11  which violates this court's Local Rule 230(c).

12  II.    LEGAL STANDARDS

13               In relevant part, the federal removal statute provides:

14          (a) Except as otherwise expressly provided by Act of Congress, any civil
            action brought in a State court of which the district courts of the United
15          States have original jurisdiction, may be removed by the defendant or the
            defendants, to the district court of the United States for the district and
16          division embracing the place where such action is pending. . . .

17  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

18  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

19  denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

20  jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right

21

22          [3]  Defendant notes in his Notice of Removal that he obtained the consent of Guadalupe L.S.
23  Dixon to remove this case to federal court.  (Notice of Removal at 2.)  Guadalupe Dixon is not a
    named defendant, but appears to have been a person residing at the property with defendant.

24          [4]  In light of the conclusion set forth below that the court lacks subject matter jurisdiction
25  over this case, the undersigned declines to address plaintiff's argument that defendant's removal was
    untimely.  The court notes, however, that plaintiff's perfunctory argument that defendant had only
    five days from the date of service of the Complaint and summons to remove this case to federal court
26  is entirely unsupported by legal authority.  (Mot. to Remand at 4.)

1  of removal in the first instance" <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102,

2  1106 (9th Cir. 2010) (citation and quotation marks omitted).

3  　　　　　Additionally, a federal court has an independent duty to assess whether federal

4  subject matter jurisdiction exists, whether or not the parties raise the issue.  <u>See</u> <u>United Investors</u>

5  <u>Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

6  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

7  whether the parties raised the issue or not"); <u>accord</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339,

8  342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

9  district court must remand a case if it lacks jurisdiction over the matter.  <u>Kelton Arms</u>

10  <u>Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.</u>,346 F.3d 1190, 1192 (9th Cir. 2003)

11  (citing <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1211 (9th Cir.

12  1998)); <u>see also</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

13  district court lacks subject matter jurisdiction, the case shall be remanded.").

14  III.    <u>DISCUSSION</u>

15  　　　　　In moving to remand this case, plaintiff argues that this court lacks subject matter

16  jurisdiction over plaintiff's unlawful detainer claim.  Defendant's Notice of Removal asserts that

17  removal was proper on the basis of the court's federal question jurisdiction.  (<u>See</u> Notice of

18  Removal 2-3.)  For the reasons that follow, the undersigned concludes that this court lacks

19  subject matter jurisdiction over plaintiff's claim.

20  　　　　　District courts have federal question jurisdiction over "all civil actions that arise

21  under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

22  under' federal law either where federal law creates the cause of action or 'where the vindication

23  of a right under state law necessarily turn[s] on some construction of federal law.'"  <u>Republican</u>

24  <u>Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

25  (citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 8-9 (1983)).  "[T]he

26  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

4

1  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

2  the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091; see

3  also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the

4  existence of federal question jurisdiction is determined from the face of the complaint.").  "In

5  determining the existence of removal jurisdiction, based upon a federal question, the court must

6  look to the complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the

7  complaint as originally filed . . . ."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th

8  Cir. 2002) (citation and quotation marks omitted).

9          Here, plaintiff filed its Complaint in the Superior Court asserting a single claim

10  for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer

11  does not by itself present a federal question or necessarily turn on the construction of federal law,

12  no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.

13  Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12,

14  2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does

15  not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV

16  S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)

17  (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL

18  234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-

19  CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

20          Moreover, defendant impermissibly removed this case on the basis of anticipated

21  defenses or counterclaims premised on federal statutes.  An anticipated defense or counterclaim

22  cannot establish a federal question because such a defense or counterclaim does not appear on the

23  face of the complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal

24  question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v.

25  Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410

26  F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

5

1  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

2  in the plaintiff's complaint.").

3         In short, no federal question is present on the face of plaintiff's Complaint.

4  Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

5  plaintiff's single claim for unlawful detainer brought pursuant to California law.

6  IV.   <u>CONCLUSION</u>

7         As stated above, IT IS HEREBY ORDERED that plaintiff's motion to remand is

8  submitted without a hearing, and the June 28, 2012 hearing on plaintiff's motion is VACATED.

9         For the reasons stated above, IT IS HEREBY RECOMMENDED that:

10         1.    Plaintiff's motion to remand (Dkt. No. 5) be granted and that this matter

11  be remanded to the Superior Court of California, County of San Joaquin.

12         2.    Plaintiff's ex parte application for remand (Dkt. No. 3) be denied as moot.

13         3.    This case be closed and all dates vacated.

14         These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

16  days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b).

18  Such a document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendations."  Any response to the objections shall be filed with the court and served on

20  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

21  ////

22  ////

23  ////

24  ////

25  ////

26

1   Failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

3   1153, 1156-57 (9th Cir. 1991).

4                     IT IS SO ORDERED and RECOMMENDED.

5   DATED:  June 20, 2012

6

7                                        _____
                                         KENDALL J. NEWMAN
8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26